**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

OSCAR VASQUEZ and STELLA VASQUEZ, individually and on behalf of all others similarly situated,

Plaintiffs,

v.

LIVINGSTON COUNTY, New York, individually and on behalf of all others similarly situated,

Defendants.

Case No.: 26-6573

**CLASS ACTION COMPLAINT WITH JURY DEMAND**

Plaintiffs Oscar Vasquez and Stella Vasquez ("Plaintiffs") bring this action individually and on behalf of all others similarly situated ("Plaintiff Class") against Defendant Livingston County ("Livingston County" or "Defendant"), individually and on behalf of all other similarly situated governmental taxing authorities ("Defendant Class"), and say:

## NATURE OF THE ACTION

1. This case seeks relief from New York governmental taxing authorities' practice of unconstitutionally taking Plaintiffs' and Plaintiff Class members' property for public use without providing just compensation.

2. After Livingston County and the Defendant Class members foreclose on a property for taxes owed, they sell, retain, or transfer the property. But rather than keep the amount owed in taxes and reimburse the taxpayer the remaining balance, Livingston County and the Defendant Class members unconstitutionally take all the property including the "Surplus Proceeds," meaning the full amount of the sale proceeds or the full equity of the property above and beyond what was owed in taxes and associated fees.

3. This lawsuit seeks to compensate Plaintiffs (and the Plaintiff Class members) for the taking of their Surplus Proceeds and ensure they (and the Plaintiff Class members) receive just compensation.

4. The Supreme Court of the United States recently held that taking proceeds in excess of the tax debt owed is unconstitutional. In *Tyler v. Hennepin County*, 598 U.S. 631 (2023), the Supreme Court unanimously held that the government's retention of proceeds in excess of the tax debt owed without adequate means for the foreclosed property owners to recover the excess proceeds violates the U.S. Constitution's prohibition on the taking of private property for public use without just compensation.

5. Livingston County's and other similarly situated governmental taxing authorities' takings of Surplus Proceeds also violates the New York Constitution's prohibition on the taking of private property for public use without just compensation.

6. The taking of Surplus Proceeds also violates the U.S. and New York Constitutions' prohibition on the imposition of excessive fines because taking the Surplus Proceeds amounts to a punitive fine that is grossly disproportionate to the underlying offense of unpaid taxes, which are often a value that is a small fraction of the Surplus Proceeds.

7. This action seeks to certify a Plaintiff Class of New York property owners and those with an interest in property whose interests in the Surplus Proceeds were taken by Defendants and members of the Defendant Class, and to certify a Defendant Class of New York governmental taxing authorities that foreclosed on the Plaintiff Class members' property and kept the Surplus Proceeds.

8. Plaintiffs assert claims under 42 U.S.C. § 1983 for violation of the Takings Clause of the Fifth Amendment to the U.S. Constitution prohibiting takings without just compensation,

violation of the Takings Clause, Article I, § 7 of the New York Constitution, for violation of the Eighth Amendment to the U.S. Constitution, which prohibits the imposition of excessive fines, violation of Article I, § 5 of the New York Constitution that prohibits the imposition of excessive fines, for unjust enrichment, money had and received, an equitable accounting, and inverse condemnation, together with prejudgment interest, costs, and attorneys' fees.

**JURISDICTION AND VENUE**

9. This Court has subject matter jurisdiction of this action as the federal claims in this Complaint arise under the Fifth Amendment, Eighth Amendment, and Fourteenth Amendment to the United States Constitution and, as a result, jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1331.

10. This Court has supplemental jurisdiction over the legal and equitable claims in this Complaint arising under New York law pursuant to 28 U.S.C § 1367 since those claims arise out of a common nucleus of operative facts with the federal claims that are within the Court's original jurisdiction.

11. Venue of this action is properly laid in the United States District Court for the Western District of New York, pursuant to 28 U.S.C. §§ 1391(b)(1) and (2), as, among other factors, Defendant Livingston County is within its geographic jurisdiction, a substantial part of the events that give rise to the claims occurred here, and certain property that is the subject of the action is located here, including the property in Livingston County formerly owned by Plaintiffs.

**THE PARTIES**

**A. Plaintiffs Oscar Vasquez and Stella Vasquez**

12. Plaintiffs Oscar Vasquez and Stella Vasquez owned property in Livingston County located at 4182 Presbyterian Road, West Sparta, NY 14437 (the "Vasquez Property").

13. Livingston County foreclosed on the Vasquez Property due to approximately $5,468.82 in taxes, fees, and/or penalties owed. See Exhibit 1.

14. The Order and Judgment of Foreclosure was entered on or about August 24, 2021. See Exhibit 2.

15. Subsequent and pursuant to the Order and Judgment of Foreclosure, on or about September 13, 2021, Livingston County, through its Treasurer and tax enforcement officer, conveyed and transferred title to the Vazquez Property to Livingston County. See Exhibit 2.

16. After Livingston County took title to the Vasquez Property, the property was sold to a third-party for approximately $16,500.00, with the deed reflecting this sale and transfer being recorded on November 19, 2021. See Exhibit 3.

17. Livingston County wrongfully deprived Plaintiffs of any opportunity to regain any of the Surplus Proceeds from the sale of their former property to a third party, being approximately $11,037.18, which is the approximate difference between the price for which Livingston County sold the Vasquez Property ($16,500.00) and the amount owed ($5,468.82), and which Livingston County retained without returning to, or for which Livingston County has failed to compensate, Plaintiffs.

18. To this day, Livingston County has neither refunded the Surplus Proceeds to Plaintiffs nor provided an opportunity for them to regain the Surplus Proceeds.

19. Livingston County and the Defendant Class members undertook the same conduct as to the members of the Plaintiff Class.

**B. Defendant Livingston County**

20. Defendant Livingston County is a municipal corporation organized and existing pursuant to the laws of the State of New York.

21. Defendant Livingston County and the other Defendant Class members sold, retained, or transferred foreclosed properties for public use without providing the taxpayers, such as Plaintiffs, a means to recover the Surplus Proceeds. Defendant Livingston County and the other Defendant Class members, acting pursuant to N.Y. Real Prop. Tax Law § 1136, before it was amended, barred and forever foreclosed all persons with an interest in the property from recovering Surplus Proceeds. Defendant Livingston County and the other Defendant Class members therefore unconstitutionally took the Surplus Proceeds for public use without providing just compensation.

22. Enforcing officers in local governments of the State of New York, including Defendant Livingston County and the Defendant Class members, are authorized pursuant to the laws of the State of New York to enforce the payment and collection of property taxes in accordance with N.Y. Real Prop. Tax Law, Article 11, § 1136, and/or local law. Defendant Livingston County and the Defendant Class members acted uniformly to enforce these unconstitutional takings. All Defendants are juridically related, and a single resolution would be expeditious.

## GENERAL ALLEGATIONS

23. The class period is the longest period allowed by law before the filing of this action, and thereafter.

24. Livingston County and members of the Defendant Class sold, retained, or transferred properties they had previously foreclosed upon in which Plaintiffs and members of Plaintiff Class had an interest, for non-payment of taxes or other local government charges.

25. Livingston County and members of the Defendant Class offered no opportunity for the taxpayers to recover the Surplus Proceeds, meaning the full amount of the sale proceeds or the full equity and value of the property above and beyond what was owed in taxes and associated

fees. Instead, Livingston County and members of Defendant Class unconstitutionally took the full value of the property.

26. Until the U.S. Supreme Court's decision in *Tyler*, Plaintiffs and the Plaintiff Class members were not on notice, could not have been on notice, and should not, in justice and equity, be deemed to have been on notice of the existence of the claims asserted herein.

27. The ongoing failure of Livingston County and the Defendant Class to provide a means to Plaintiffs and the Plaintiff Class for obtaining the Surplus Proceeds from properties sold, transferred, and/or retained: (1) constitutes a continuing violation of the U.S. and New York Constitutions, and (2) constitutes continuing wrongful conduct giving rise to the other claims the Plaintiffs and Plaintiff Class assert herein.

28. With each passing day that Livingston County and the Defendant Class retain the Surplus Proceeds, fail to allow Plaintiffs and the Plaintiff Class an opportunity to obtain Surplus Proceeds, and do not refund the Surplus Proceeds to Plaintiffs and the Plaintiff Class: (1) a new violation arises of the U.S. and New York Constitutions, and (2) the other claims Plaintiffs and the Plaintiff Class assert herein also newly arise.

29. The Supreme Court of the United States has declared unconstitutional the practice of local government tax authorities retaining Surplus Proceeds of tax foreclosure sales.

30. The Government may not "forc[e] some people alone to bear public burdens which, in all fairness and justice, should be borne by the public as a whole." *Armstrong v. United States*, 364 U.S. 40, 49 (1960).

31. To that end, on May 25, 2023, the United States Supreme Court held that the retention of excess proceeds following the sale of a foreclosed-upon property for unpaid taxes constitutes a "classic taking in which the government directly appropriates private property for its

own use." *Tyler*, 598 U.S. at 639. The Supreme Court further explained that keeping the full property value, as contrasted with selling the property and keeping the excess proceeds, similarly constitutes a takings clause violation. *Id.* at 643 (citing *United States v. Lawton*, 110 U.S. 146, (1884)). The Supreme Court explained that State law cannot "sidestep the Takings Clause by disavowing traditional property interests in assets it wishes to appropriate." *Id.* at 638.

32. New York's Real Property Tax Law, Chapter 50-a, Article 11 ("Article 11") established a procedure whereby Livingston County was able to take Surplus Proceeds from the sale or retention of foreclosed property in excess of taxes owed without providing a way for the taxpayers to recover the Surplus Proceeds, in violation of the principles announced in *Tyler*.

33. Under the operative version of N.Y. Real Prop. Tax Law § 1136[3], the taxing entity takes possession of the foreclosed-upon property in fee simple, "and all persons . . . who may have had any right, title, interest, claim, lien or equity of redemption in or upon such parcel, shall be barred and forever foreclosed of all such right, title, interest, claim, lien or equity of redemption."

34. In other words, when an individual's property was foreclosed upon under the statute, the individual lost all rights to the property, including any property value in excess of the taxes owed by the individual to the taxing entity. *See, e.g.*, *Matter of Hoge v. Chautauqua County*, 173 A.D.3d 1731, 1732 (4th Dep't 2019).

35. A small number of taxing entities have opted not to implement the procedure set forth in Article 11. However, many of these entities enacted and followed analogous local laws, procedures and practices whereby they seize and sell foreclosed-upon property, transfer the property to a land bank, or retain the property, and retain the Surplus Proceeds, without providing the former property owners an opportunity to obtain the Surplus Proceeds owed to them.

36. Both the Fifth Amendment to the United States Constitution and Article I, Section 7 of the New York Constitution declare the same prohibition: "Private property shall not be taken for public use without just compensation."

37. The New York and United States Constitutions also prohibit the imposition of excessive fines. The Eighth Amendment of the United States Constitution provides: "Excessive bail shall not be required, nor excessive fines imposed." Similarly, Article I, Section 5 of the New York Constitution provides: "Excessive bail shall not be required nor excessive fines imposed, nor shall cruel and unusual punishments be inflicted, nor shall witnesses be unreasonably detained."

38. The Fourteenth Amendment to the United States Constitution makes the Fifth and Eighth Amendments of the United States Constitution applicable to States. It provides, in pertinent part, "No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws."

## CLASS ACTION ALLEGATIONS

39. Plaintiffs respectfully request that this Honorable Court enter an Order certifying this action as a Class Action on behalf of a proposed Plaintiff Class and against a proposed Defendant Class.

**<u>Plaintiff Class</u>**

40. Plaintiffs request that this Court enter an Order certifying this action as a Plaintiff Class Action pursuant to Rule 23(a), 23(b)(1)(A), (B), 23(b)(2), and 23(b)(3). Plaintiffs request the Court to certify a Plaintiff Class defined as follows:

> All Persons and entities, their heirs and successors, who owned or had an interest in real property that Livingston County or a member of Defendant

> Class foreclosed upon to satisfy unpaid real estate taxes and associated charges and that was subsequently: (1) sold during the Class Period for more than the amount necessary to satisfy such taxes and associated charges and the local government tax authority offered no opportunity for the taxpayer to recover the surplus; (2) retained during the Class Period by the local government tax authority and the value of the property was more than the amount necessary to satisfy such taxes and associated charges and the local government tax authority offered no opportunity for the taxpayer to recover the surplus; or (3) transferred during the Class Period to another entity and the value of the transferred property exceeded such taxes and associated charges, and the local government entity offered no opportunity for the taxpayer to recover the surplus.
>
> Excluded from Plaintiff Class are Defendants, the Defendant Class members, the presiding Judge, and Court staff assigned to this case, the U.S. Department of Treasury, the U.S. Internal Revenue Service, and any former property owner whose property was sold at foreclosure auction on or after May 25, 2023. Plaintiffs reserve the right to modify or amend the Plaintiff Class Definition, as appropriate, during the course of this litigation. Plaintiffs further request that the Court appoint counsel for the named Plaintiffs as Plaintiff Class counsel.

41. The members of the Plaintiff Class are so numerous that their individual joinder is impracticable. On information and belief, members of Plaintiff Class number at least in the thousands. The precise number of members of the Plaintiff Class and their current addresses are presently unknown to Plaintiffs but may be ascertained from County and other local government property and tax records. Class members may be notified of the pendency of this action by mail, email, text, Internet postings, and/or publication.

42. Common questions of law and fact exist as to all members of the Plaintiff Class and predominate over questions affecting only individual Class members. Such common questions of law or fact include:

a) Whether Livingston County and the Defendant Class (defined *infra* at ¶ 47) committed a taking of Plaintiffs' and the Plaintiff Class members' property

without just compensation in violation of the Fifth Amendment of the United States Constitution;

b) Whether Livingston County and the Defendant Class have been unjustly enriched by retaining Surplus Proceeds following the sale, retention, or transfer of foreclosed-upon properties;

c) Whether Livingston County and the Defendant Class's taking of Plaintiffs' and Plaintiff Class members' property for public use was without "compensation first assessed and tendered" in violation Article I, Section 7 of the New York Constitution;

d) Whether Livingston County and the Defendant Class imposed excessive fines on Plaintiffs and Plaintiff Class members in violation of the Eighth Amendment to the United States Constitution;

e) Whether Livingston County and the Defendant Class imposed excessive fines on Plaintiffs and Plaintiff Class members in violation of Article I, Section 5 of the New York State Constitution;

f) Whether local laws, procedures or practices on their face or as applied violate the Fifth, Eighth, or Fourteenth Amendments to the U.S. Constitution; and

g) Whether Livingston County and the Defendant Class are liable for inverse condemnation of Plaintiff's and Plaintiff Class members' property.

43. Plaintiffs' claims are typical of the claims of the other members of the Plaintiff Class, because, among other reasons, Plaintiffs and all members of the Plaintiff Class suffered the same type of injury, namely, Livingston County and members of the Defendant Class

unconstitutionally took Plaintiffs' and Plaintiff Class members' property, *i.e.* the Surplus Proceeds, without providing just compensation and without providing Plaintiffs or the Plaintiff Class members an opportunity to obtain the Surplus Proceeds.

44. Plaintiffs are adequate class representatives because their interests do not conflict with the interests of the other class members they seek to represent. Moreover, Plaintiffs have retained counsel competent and experienced in class action litigation, including tax surplus takings litigation specifically, and Plaintiffs' counsel will prosecute this action vigorously. Plaintiffs and their counsel will fairly and adequately protect the interests of the Plaintiff Class.

45. A class action is superior to any other available means for the fair and efficient adjudication of this controversy, and no unusual difficulties are likely to be encountered in the management of this class action. The damages or other financial detriment suffered by Plaintiffs and members of Plaintiff Class individually are relatively small compared to the burden and expense that would be required to separately litigate their claims against Livingston County and members of the Defendant Class, so it would be uneconomical and impracticable for so many Plaintiff Class members to individually seek redress for the wrongful conduct. Individualized litigation creates a potential for inconsistent or contradictory judgments and increases the delay and expense to all parties and the court system. By contrast, the class action device presents far fewer management difficulties and provides the benefits of a single adjudication, economies of scale, and comprehensive supervision by a single court.

**Defendant Class**

46. Plaintiffs also request the Court to certify this action as a defendant class action pursuant to Rule 23(a), 23(b)(1)(A), (B), 23(b)(2) and 23(b)(3), and to appoint counsel for Livingston County as Defendant Class counsel.

47. Plaintiffs request certification of a "Defendant Class" defined as follows:

> All local government tax authorities in New York that either: (1) sold real property for non-payment of taxes or other local government charges during the Class Period for a sum greater than the debt and associated charges owed to the tax authorities, and offered no opportunity for the taxpayer to recover the Surplus Proceeds; or (2) retained real property for non-payment of taxes or other local government charges during the Class Period that had a value greater than the debt and associated charges owed to the tax authorities and offered no opportunity for the taxpayer to recover the surplus value; or (3) transferred the foreclosed property to another entity during the Class Period that was worth more than the debt and associated charges owed to the tax authorities, and offered no opportunity for the taxpayer to recover the excess value. Plaintiffs reserve the right to modify or amend the Defendant Class definition, as appropriate, during the course of this litigation.

48. The members of the Defendant Class acted in a uniform manner when they took the Surplus Proceeds, offered no opportunity for the taxpayers to recover the Surplus Proceeds, and failed to return the Surplus Proceeds or compensate the Plaintiff Class members for the value of the Surplus Proceeds.

49. Individual joinder is impracticable compared to establishing a Defendant Class consisting of the numerous local government taxing authorities. Prosecuting separate actions by or against the individual Defendant Class members could establish incompatible standards of conduct. Defendant Class members may be notified of the pendency of this action by mail, email, text, Internet postings, and/or publication.

50. Common questions of law and fact exist as to all members of the Defendant Class and predominate over questions affecting only individual Defendant Class members. Such common questions of law or fact include:

a) Whether Livingston County and the Defendant Class committed a taking of Plaintiffs' and Plaintiff Class members' property without just compensation in violation of the Fifth Amendment of the United States Constitution;

b) Whether Livingston County and the Defendant Class have been unjustly enriched by retaining Surplus Proceeds following the sale of foreclosed properties;

c) Whether Livingston County's and members of the Defendant Class's takings of Plaintiffs' and the Plaintiff Class members' property for public use without just compensation violated Article I, Section 7 of the New York Constitution;

d) Whether Livingston County and the Defendant Class imposed excessive fines on Plaintiffs and the Plaintiff Class members in violation of the Eighth Amendment to the United States Constitution;

e) Whether Livingston County and the Defendant Class imposed excessive fines on Plaintiffs and the Plaintiff Class members in violation of the New York State Constitution, Article I, Section 5;

f) Whether N.Y. Real Prop. Tax Law § 1136, on its face or as applied by Livingston County and the Defendant Class violated the Fifth, Eighth, or Fourteenth Amendments to the U.S. Constitution;

g) Whether local laws, procedures or practices on their face or as applied by Livingston County and the Defendant Class violated the Fifth, Eighth, or Fourteenth Amendments to the U.S. Constitution; and

h) Whether Livingston County and the Defendant Class are liable for inverse condemnation.

51. Livingston County's and the Defendant Class members' defenses are typical of the defenses of the other members of the Defendant Class. Plaintiffs and all members of the Plaintiff

Class suffered the same type of injury, namely, Livingston County and each member of the Defendant Class unconstitutionally took Plaintiffs' and the Plaintiff Class members' property, *i.e.* the Surplus Proceeds, without providing just compensation and without providing Plaintiffs or the Plaintiff Class members an opportunity to obtain the Surplus Proceeds.

52. Livingston County and each member of the Defendant Class acted consistently and uniformly pursuant to: (1) N.Y. Real Prop. Tax Law § 1136[2](d); or (2) other state or local law, procedures or practices to take Plaintiffs' and the Plaintiff Class members' property rights to surplus equity.

53. Livingston County is an adequate Defendant Class representative because its interests do not conflict with the interests of the Defendant Class members it represents and Livingston County and each Defendant Class member share the same defenses.

54. Members of the proposed Defendant Class are too numerous to be individually named. On information and belief, during the Class Period, several hundred local government entities in New York were authorized by New York state or local law to levy and collect property taxes, foreclose on real estate to collect back taxes and associated charges, and bar and forever foreclose taxpayers of their constitutional right to recover the Surplus Proceeds from their property after Defendant Class members sold, retained, or transferred, the property.

55. It would be impracticable and an undue burden on the courts, Plaintiffs and the Plaintiff Class, and members of the Defendant Class to litigate and try several thousand individual actions against every local government tax authority in New York, rendering it uneconomical for Plaintiffs and the Plaintiff Class to obtain just compensation for the unconstitutional takings that Livingston County and the members of the Defendant Class have perpetrated.

56. A class action is superior to any other available means for the fair and efficient adjudication of this controversy, and no unusual difficulties are likely to be encountered in the management of this class action.

57. Individualized litigation creates a potential for inconsistent or contradictory judgments and increases the delay and expense to all parties and the court system. By contrast, the class action device presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court.

## COUNT I

## VIOLATION OF THE UNITED STATES CONSTITUTION'S FIFTH AMENDMENT PROHIBITION ON TAKINGS WITHOUT JUST COMPENSATION, 42 U.S.C. § 1983

58. Plaintiffs reallege all previous paragraphs as if fully set forth herein.

59. Plaintiffs and members of the Plaintiff Class had a cognizable property interest in their respective properties and have a cognizable property interest in the Surplus Proceeds and equity that the Fifth Amendment to the United States Constitution and its Takings Clause protects.

60. Livingston County and the Defendant Class members physically took the Plaintiffs' and Plaintiff Class members' real property, and physically took, now possess, and refuse to tender and deliver to Plaintiffs and the Plaintiff Class members their Surplus Proceeds.

61. Livingston County and the Defendant Class members have taken the Surplus Proceeds from the sale, retention, or transfer to a land bank of the Plaintiffs' and Plaintiff Class members' properties without just compensation.

62. Because Plaintiffs and members of the Plaintiff Class have not received just compensation, Plaintiffs and members of the Plaintiff Class have been forced to bear public burdens alone which, in all fairness and justice, the public as a whole should bear. This is likewise true in those situations where Livingston County and the Defendant Class members retained

properties or transferred properties to a land bank without allowing Plaintiffs or the Plaintiff Class members any mechanism to obtain the excess value of their properties above the tax debt amount.

63. Livingston County and the Defendant Class members did not offer to pay just compensation for the excess value before, during, or after taking the property of the Plaintiffs and the Plaintiff Class.

64. Livingston County and the Defendant Class members have not provided the Plaintiff or the Plaintiff Class members an adequate procedure to seek just compensation for the taking of their Surplus Proceeds and have therefore violated Plaintiffs' and the Plaintiff Class members' rights to due process that the Fifth Amendment guarantees.

65. Plaintiffs' and the Plaintiff Class members' claims asserted herein before this Court are mature and ripe.

66. Plaintiffs and the Plaintiff Class members have suffered damages. The Takings Clause requires Livingston County and the Defendant Class members to pay Plaintiffs and the Plaintiff Class members money damages that constitute just compensation for the taking of their private property.

67. It is the policy, custom, and practice of Livingston County and the Defendant Class members to take for public purposes and not deliver or tender to Plaintiffs or the Plaintiff Class members their Surplus Proceeds that Livingston County and the Defendant Class members took.

68. Livingston County and the Defendant Class acted under color of state law.

69. While acting under color of state law, Livingston County and the Defendant Class deprived Plaintiffs and the Plaintiff Class of a federal constitutional right and committed a taking from them without providing just compensation.

70. Livingston County and the Defendant Class members are persons under 42 U.S.C. § 1983.

71. Livingston County's and the Defendant Class's actions have caused Plaintiffs and the members of the Plaintiff Class to suffer material damages pursuant to 42 U.S.C. § 1983. Livingston County and the Defendant Class members are liable to pay Plaintiffs and the Plaintiff Class members money damages for their injuries suffered.

## COUNT II

## VIOLATION OF THE TAKINGS CLAUSE, ARTICLE I § 7, OF THE NEW YORK CONSTITUTION

72. Plaintiffs reallege all previous paragraphs as if fully set forth herein.

73. The guarantees of Article I, Section 7 of the New York Constitution are generally coextensive with the Takings Clause of the United States Constitution.

74. For the same reasons why Livingston County's and the Defendant Class members' actions violate the Takings Clause of the United States Constitution, their conduct also violates Article I, Section 7 of the New York Constitution.

75. Livingston County's and the Defendant Class members' takings of Plaintiffs' and the Plaintiff Class members' property (the Surplus Proceeds) without just compensation injured Plaintiffs and the Plaintiff Class members, and they are entitled to just compensation and other relief.

## COUNT III

## VIOLATION OF THE UNITED STATES CONSTITUTION'S EIGHTH AMENDMENT PROHIBITION OF EXCESSIVE FINES, 42 U.S.C. § 1983

76. Plaintiffs reallege all previous paragraphs as if fully set forth herein.

77. The Eight Amendment to the United States Constitution prohibits the imposition of excessive fines and applies to the states through the Fourteenth Amendment. U.S. Const. amends. VIII, XIV.

78. Plaintiffs and the Plaintiff Class assert a viable claim for violation of the Excessive Fines Clause where Livingston County and the Defendant Class members seized and retained Plaintiffs' and the Plaintiff Class members' Surplus Proceeds for non-payment of property taxes.

79. Taking the Surplus Proceeds of Plaintiffs and of the Plaintiff Class because of non-payment of real estate taxes without offering a mechanism to recover the Surplus Proceeds is punitive and grossly disproportional to the underlying offense of non-payment of taxes.

80. Taking the Surplus Proceeds of Plaintiffs and of the Plaintiff Class because of non-payment of real estate taxes without offering a mechanism to recover to Surplus Proceeds is an excessive fine under the Eighth Amendment to the United States Constitution.

81. Plaintiffs and the Plaintiff Class have suffered damages in an amount to be proven at trial, which include the Surplus Proceeds.

82. The unlawful excessive fines under the United States Constitution have injured and damaged Plaintiffs and the Plaintiff Class and they are entitled to relief as a result.

## COUNT IV

## VIOLATION OF NEW YORK'S PROHIBITION ON EXCESSIVE FINES, ARTICLE I § 5 OF THE NEW YORK CONSTITUTION

83. Plaintiffs reallege all previous paragraphs as if fully set forth herein.

84. Article I, Section 5 of the New York State Constitution prohibits the imposition of excessive fines.

85. New York's Excessive Fines Clause, N.Y. Const. Article I § 5, requires the same analysis as the federal clause.

86. For the same reasons that Livingston County's and the Defendant Class members' actions violate the Excessive Fines Clause of the United States Constitution, their conduct also violates Article I, Section 5 of the New York State Constitution.

87. Plaintiffs and those similarly situated have suffered damages in an amount to be proven at trial, which damages include the Surplus Proceeds.

**COUNT V**

**UNJUST ENRICHMENT**

88. Plaintiffs realleges all previous paragraphs as if fully set forth herein.

89. Livingston County and the Defendant Class have been enriched at Plaintiffs' and the Plaintiff Class members' expense.

90. Equity and good conscience do not permit Livingston County and the Defendant Class to retain the Surplus Proceeds from foreclosed properties.

91. Circumstances create an equitable obligation running from Livingston County and the Defendant Class to Plaintiffs and the Plaintiff Class.

92. Livingston County and the Defendant Class have received money, property, and/or value to which they are not entitled.

93. Livingston County and the Defendant Class were enriched when they collected and retained the Surplus Proceeds.

94. Livingston County and the Defendant Class are not entitled to the Surplus Proceeds in the properties for which they prevented any mechanism for Plaintiffs and the Plaintiff Class members to recover the Surplus Proceeds.

95. Plaintiffs and the Plaintiff Class are "entitled to the surplus in excess of the debt owed" to Livingston County and the Defendant Class members. *Tyler*, 598 U.S. at 642.

96. When Livingston County and the Defendant Class members took and retained the Surplus Proceeds, it forced Plaintiffs and the Plaintiff Class members to make greater contributions to Livingston County and the Defendant Class members than Plaintiffs and the Plaintiff Class members owed.

97. For the foregoing reasons, Plaintiffs and the Plaintiff Class members are owed restitution in the amount of the Surplus Proceeds collected by Livingston County and the Defendant Class.

**COUNT VI**

**MONEY HAD AND RECEIVED**

98. Plaintiffs reallege all previous paragraphs as if fully set forth herein.

99. Livingston County and the Defendant Class wrongfully received the Surplus Proceeds belonging to Plaintiffs and the Plaintiff Class members.

100. Livingston County and the Defendant Class benefitted from receipt of the Surplus Proceeds.

101. Under principles of equity and good conscience, Livingston County and the Defendant Class should not be permitted to keep the Surplus Proceeds.

102. Livingston County and the Defendant Class wrongfully received the Surplus Proceeds belonging to Plaintiffs and Plaintiff Class members when they collected the Surplus Proceeds because Plaintiffs and the Plaintiff Class are "entitled to the surplus in excess of the debt owed" to Livingston County and the Defendant Class. *Tyler*, 598 U.S. at 642.

103. Plaintiffs and the Plaintiff Class, through the Surplus Proceeds being taken by Livingston County and the Defendant Class to fulfill tax debts of a lesser value, have made a greater contribution to Livingston County and the Defendant Class than they owed. Equity and

good conscience do not permit Livingston County and the Defendant Class to retain the Surplus Proceeds.

104. For the foregoing reasons, Plaintiffs and the Plaintiff Class are owed restitution in the amount of the Surplus Proceeds collected by the Livingston County and the Defendant Class.

## COUNT VII

## EQUITABLE ACCOUNTING

105. Plaintiffs reallege all previous paragraphs as if fully set forth herein.

106. Livingston County and the Defendant Class, as public bodies, had a special, fiduciary, or legal relationship to Plaintiffs and the Plaintiff Class as taxpayers, citizens, residents, voters, owners of private property within their jurisdiction, and members of the body politic. That relationship gave rise to an obligation for Livingston County and the Defendant Class to hold in trust Plaintiffs' and the Plaintiff Class's Surplus Proceeds, and a legal obligation to account to Plaintiffs and the Plaintiff Class for the fate of Plaintiffs' and Plaintiff Class's Surplus Proceeds.

107. Through the power of the state and its political subdivisions, Plaintiffs' and the Plaintiff Class's money or property was entrusted to Livingston County and the Defendant Class, voluntarily or involuntarily, imposing the burden of accounting.

108. As pled in the alternative, there is no adequate remedy at law.

109. There is no justification to impose a demand or refusal requirement in the circumstances of this action. In any event, any such demand or refusal requirement is moot or would be futile insofar as Livingston County and the Defendant Class have already failed and/or refused to turn over the Surplus Proceeds, or spent them, or included them in their budgets as revenue, or retained the properties and the excess equity or transferred the properties to land banks without providing Plaintiffs and the Plaintiff Class members a mechanism for obtaining the

Surplus Proceeds, or stood on their purported taxation authority prior to the Supreme Court's decision in *Tyler*, and even after that decision have failed to reimburse Plaintiffs or the Plaintiff Class members their Surplus Proceeds. Moreover, this action constitutes and should be deemed to constitute a satisfactory demand in itself, *nunc pro tunc*, to any date by which such demand may be required.

110. When foreclosing on the properties, Livingston County and the Defendant Class had a burden of accounting to demonstrate compliance with Article 11 or other state or local law, procedure or practice, as well as to demonstrate that any fees that Livingston County and the Defendant Class associated with the foreclosure were not arbitrary, grossly disproportionate, and/or excessive fines.

111. Sometimes New York counties act as tax collectors for towns within the counties and allocate tax foreclosure sale proceeds between and among various local tax authorities. Because Livingston County and the Defendant Class, not Plaintiffs or the Plaintiff Class, are in possession of the relevant financial records, Plaintiffs and the Plaintiff Class cannot ascertain what portion of the outstanding taxes and associated charges that led to foreclosure of the Plaintiffs' and Plaintiff Class members' properties was due to the tax collecting entity of Livingston County and members of Defendant Class and what portion was due to other local government tax authorities.

112. Similarly, because Livingston County and the Defendant Class, not Plaintiffs or the Plaintiff Class, are in possession of the relevant financial records, and because N.Y. Real Prop. Tax Law § 1136[2](d) and other state or local laws, procedures and practices purported to allow Livingston County and the Defendant Class to choose how to distribute collected Surplus Proceeds among government entities, Plaintiffs and the Plaintiff Class cannot ascertain how the Surplus Proceeds or equity were distributed.

113. Furthermore, Livingston County and the Defendant Class, not Plaintiffs or the Plaintiff Class, may have imposed fees for the sale, maintenance, and/or transfer of properties that could alter the surplus owed to Plaintiffs and the Plaintiff Class members, and Plaintiffs and the Plaintiff Class cannot ascertain these values that may have been imposed either lawfully or unlawfully.

114. Therefore, absent an accounting, there would be no sufficient way to ensure that Plaintiffs and the Plaintiff Class are returned the correct amount of Surplus Proceeds from the correct entities.

115. For the foregoing reasons, Livingston County and the Defendant Class must produce financial records related to the collection, distribution, and spending of Surplus Proceeds to determine which entities owe what portion of the Surplus Proceeds to the Plaintiffs and the Plaintiff Class.

**COUNT VIII**

**INVERSE CONDEMNATION**

116. Plaintiffs reallege all previous paragraphs as if fully set forth herein.

117. Livingston County and members of Defendant Class:

a) Possess the power of eminent domain;

b) Intruded onto the private property of Plaintiffs and the Plaintiff Class;

c) Intruded in a manner so serious as to amount to a compensable taking under the New York Constitution and U.S. Constitution; and

d) Have not exercised eminent domain power or compensated Plaintiffs or members of the Plaintiff Class.

118. Plaintiffs and the Plaintiff Class have suffered damages in an amount to be proven at trial, which damages include the Surplus Proceeds.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs demand that:

a) The Court determine that this action may be maintained as a plaintiff class action pursuant to Federal Rule of Civil Procedure Rule 23(a), 23(b)(1)(A), (B), 23(b)(2), and 23(b)(3) with Plaintiffs being designated as class representatives, and appointing Plaintiffs' counsel as counsel for the Plaintiff Class;

b) The Court determine this action may be maintained as a defendant class action pursuant to Federal Rule of Civil Procedure Rule 23(a), 23(b)(1)(A), (B), 23(b)(2), and 23(b)(3) with Livingston County being designated as the class representative, and its attorneys as counsel for the Defendant Class;

c) The Court award Plaintiffs and the Plaintiff Class compensatory damages in amounts to be determined at trial;

d) The Court award equitable restitution to Plaintiffs and the Plaintiff Class on account of the unjust enrichment of Livingston County and the Defendant Class;

e) The Court order Livingston County and the Defendant Class to provide an equitable accounting of their takings of the Surplus Proceeds, including,

without limitation, cash proceeds and the value of property taken and retained by Livingston County and the Defendant Class or transferred by Livingston County and the Defendant Class to land banks;

f) The Court order Livingston County and the Defendant Class to provide just compensation for inverse condemnation of the private property of Plaintiffs and the Plaintiff Class;

g) The Court award Plaintiffs and the Plaintiff Class prejudgment and post-judgment interest, as permitted by law;

h) The Court award Plaintiffs and the Plaintiff Class their costs, reasonable litigation expenses, and reasonable attorneys' fees, as permitted by law and pursuant to 42 U.S.C. § 1988 and N.Y. C.P.L.R. 909; and

i) The Court grant such other and further legal, declaratory, and equitable, relief as the Court may deem just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiffs and the proposed Plaintiff Class demand trial by jury of all issues so triable.

Dated: ______________, 2026

/s/ DRAFT

George F. Carpinello
Bar Roll No. 103750
Jenna Smith
Bar Roll No. 520049
**BOIES SCHILLER FLEXNER LLP**
30 South Pearl Street, 12th Floor
Albany, NY 12207
Tel: (518) 434-0600
Fax: (518) 434-0665
gcarpinello@bsfllp.com
jsmith@bsfllp.com

Jack Wilson
**BOIES SCHILLER FLEXNER LLP**
333 Main Street
Armonk, NY 10504
Tel: (914) 749-8200
Fax: (914) 749-8300
jwilson@bsfllp.com

David H. Fink
Nathan J. Fink
**FINK BRESSACK**
38500 Woodward Avenue, Suite 350
Bloomfield Hills, MI 48304
(248) 971-2500
dfink@finkbressack.com
nfink@finkbressack.com

Patrick J. Perotti
Nicole T. Fiorelli
**DWORKEN & BERNSTEIN CO., L.P.A.**
60 South Park Place
Painesville, Ohio 44077
(440) 352-3391 // (440) 352-3469 Fax
pperotti@dworkenlaw.com
nfiorelli@dworkenlaw.com

Patrick J. Brickman
Frank A. Bartela
**TYCKO & ZAVAREEI LLP**
2515 Jay Avenue, First Floor
Cleveland, OH 44113
(216) 423-6599
pbrickman@tzlegal.com
fbartela@tzlegal.com

Andrea R. Gold
**TYCKO & ZAVAREEI LLP**
2000 Pennsylvania Avenue, NW, Suite 1010
Washington, D.C. 20006
(202) 973-0900
agold@tzlegal.com

Gregory P. Hansel
Shana M. Solomon
Elizabeth F. Quinby
Michael D. Hanify
**PRETI FLAHERTY BELIVEAU & PACHIOS, LLP**
One City Center
P.O. Box 9546
Portland, ME 04112
(207)791-3000
ghansel@preti.com
ssolomon@preti.com
equinby@preti.com
mhanify@preti.com

Joseph C. Kohn
William E. Hoese
Zahra R. Dean
**KOHN SWIFT & GRAF, P.C.**
1600 Market Street, Suite 2500
Philadelphia, PA 19103
(215) 238-1700
jkohn@kohnswift.com
whoese@kohnswift.com
zdean@kohnswift.com

Ronald P. Friedberg
**MEYERS, ROMAN, FRIEDBERG & LEWIS**
28601 Chagrin Blvd., Suite 500
Cleveland, OH 44122
(216) 831-0042 // (216) 831-0542 Fax
rfriedberg@meyersroman.com

*Counsel for Plaintiffs and the Proposed Plaintiff Class*